### ECKES v. LUCE et al.

No. 8323—Opinion Filed Dec. 24, 1917.

Rehearing Denied May 21, 1918.

(173 Pac. 219.)

1. **Contracts—Building Contracts — Abandonment—Recovery.**

A building contractor who entered into a contract with the owner to furnish material and labor and to remove the old and build a new front in a storeroom according to plans and specifications and was to receive therefor the sum of $725, and after certain materials had been furnished and part of the labor performed on the contract, the contractor abandoned the work, the owner accepted the work done and materials furnished, completed the work at his own expense. Held, the contractor is entitled to recover for the work done and materials furnished according to the contract price, in proportion that the same bears to the completed work, less the damages sustained by the owner by reason of the contractor's failure to complete the work.

2. **Same—Action—Findings—Evidence.**

Evidence, examined, and held that same reasonably tends to support the findings and the judgment of the trial court.

(Syllabus by Pope, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by F. B. Eckes against O. P. Luce, for the Owl Drug Company, and others. Judgment for defendants, and plaintiff brings error. Affirmed

Brook & Brook, for plaintiff in error.

W. W. Momyer, for defendants in error.

Opinion by POPE, C. F. P. Ecks, a building contractor, plaintiff in error, plaintiff below, commenced this action May 2, 1912, in the superior court of Muskogee county, upon a certain contract in writing between himself and O. P. Luce and John Reynolds, whereby he obligated himself to remove old and build new store fronts in a certain store building in the city of Muskogee according to certain plans and specifications which were agreed upon and made a part of the contract, and to furnish all labor and material and to complete the work within 21 days from date of contract for the consideration of $725, which was to be paid in weekly installments amounting to 80 per cent. of the estimated value of the work done and materials furnished at the time; final payment to be made when work was completed according to contract. It was further agreed that the defendants reserved the right to make payments direct to all parties having due claims on the date of and before final payment was made, and that plaintiff agreed to furnish the defendants with all paid bills and complete bills of all materials furnished and labor performed on the contract. The plaintiff admits in his petition that he abandoned the contract before the work had been completed by him according to the terms of the contract, and gives as his reason therefor that the defendants refused to make payments according to the terms of the contract, that they had made two of the weekly payments of $75 each, and had refused to make further payments as provided, and sues to recover for value of materials furnished and labor performed on the building up to the time that the work was abandoned, amounting to $575, same having been accepted and used

by the defendants. The defendants Luce & Reynolds deny that they failed or refused to make the payment according to the terms of the contract, but state that they had made two weekly payments of $75 each, and demanded of the plaintiff to furnish them the bills and claims for material and labor which were unpaid and that the plaintiff failed and refused to furnish such statement. After the work had been abandoned by the plaintiff the defendants furnished material, employed labor, and completed the work at a cost of $600, which they claim as damages suffered by them on account of the failure of the plaintiff to complete the contract. By agreement the case was tried to the court without the intervention of a jury. Judgment was rendered in favor of defendants, and plaintiff brings error.

The testimony tended to show that at the time the plaintiff abandoned the work there were unpaid bills for labor and material amounting to approximately $575, and that the defendants paid approximately $300 to the contractor and on the outstanding bills, and the sum of $300 for completing the work.

There seems to be little or no controversy between the parties as to the law governing this case. The principal complaint on the part of the plaintiff in error seems to be that the trial court erred in giving judgment against him on the evidence adduced at the trial; his contention being that there was insufficient evidence to sustain the findings and the judgment of the trial court. He also contends that, even though he abandoned the work before the work was completed according to plans and specifications, he had furnished certain materials and performed certain labor on the property of the defendants and that the defendants had accepted the same, and that they were of value to the defendants; that he was entitled to recover in the proportion which the work done and the material furnished bears to the completed work. Defendants contend that they are entitled to offset this claim by the amounts paid to the plaintiff either directly or on the bills for material and labor, and for the amount of damage incurred by them in completing the work, which the evidence tended to show was $600.

We are of the opinion that the contentions of the plaintiff and the defendants as to their legal rights are correct, and there remains for consideration of this court only the question of whether there was sufficient evidence to support the findings and judgment of the trial court.

The amount due on the contract as con-

tended by the plaintiff in error was $575. The defendants introduced evidence which tended to show that payments had been made on the contract to the amount of approximately $300. and that they had suffered damages on account of being compelled to complete the work themselves in the amount of $300, making their total credit $600, more than offsetting the claim of the plaintiff.

The trial court rendered judgment against the plaintiff in error on the evidence, which we have examined, and are of the opinion that the same reasonably tends to support the findings and judgment of the trial court.

Judgment affirmed.

By the Court: It is so ordered.