Roland Uresk, Machelle Fitzgerald, Roosevelt, for defendant and appellant.

R. Paul Van Dam, Kimberly K. Hornak, Salt Lake City, for plaintiff and appellee.

**STATE of Utah, Plaintiff and Appellee,**

v.

**Montey Lee MITCHELL, Defendant and Appellant.**

No. 870146.

Supreme Court of Utah.

March 2, 1989.

## MEMORANDUM OF DECISION

ZIMMERMAN, Justice:

Following a bench trial, defendant Montey Lee Mitchell was convicted of aggravated sexual abuse of a child and sentenced to a minimum mandatory prison term of six years. Utah Code Ann. § 76–5–404.1 (Supp.1988). He appeals and claims that the aggravating circumstance of "bodily injury" required for conviction was not proven and that the trial court erred because it failed to consider the proper mitigating factors and imposed a minimum mandatory term of six years rather than a lesser minimum mandatory term of three years. We affirm.

We first treat Mitchell's claim that the evidence of "bodily injury" was insufficient to convict him of aggravated sexual abuse of a child. Subsection (1) of section 76–5–404.1 defines the crime of sexual abuse of a child. That crime is complete if the actor "touches the ... genitalia of a child who is under the age of 14 ... with the intent to arouse or gratify the sexual desire of any person...." Subsection (3) of section 76–5–404.1 defines the crime of aggravated sexual abuse of a child, the crime of which defendant was convicted. It provides:

(3) A person commits aggravated sexual abuse of a child when in conjunction with the offense described in Subsection (1) any of the following circumstances have been charged and admitted or found true in the action for the offense:

. . . .

(b) The accused caused *bodily injury* or severe psychological injury to the vic-

tim during or as a result of the offense....

Utah Code Ann. § 76–5–404.1 (Supp.1988) (emphasis added).

Section 76–1–601 further provides that "bodily injury" means "physical pain...." Utah Code Ann. § 76–1–601(8) (1978).

■ In this case, Mitchell admitted that he inserted his finger into the victim's vagina while she was sleeping and that he met resistance when he did so. The victim testified that she was awakened and felt pain when Mitchell inserted his finger. She also testified that there was material resembling dried blood in the crotch of her underwear in the morning, although this testimony was not corroborated. The victim further testified that she suffered pain whenever she urinated during the week following the incident. A pediatrician testified that the victim's vagina was reddened and irritated and that this condition was consistent with abuse. The victim's hymen was not intact, but the pediatrician could not determine when it had been broken. Mitchell attempted to controvert the evidence of injury by presenting testimony by himself and others that, on the day following the abuse, the victim was well enough to play normally.

Mitchell claims that the trial court erred in finding the victim had suffered bodily injury. This Court will not set aside a trial court's findings of fact unless they are clearly erroneous. Utah R.Civ.P. 52(a). In other words, when a finding is attacked as lacking evidentiary support, it must be shown to be "against the clear weight of the evidence." *State v. Walker*, 743 P.2d 191, 192–93 (Utah 1987).

We conclude that the evidence here supports the finding that the victim suffered sufficient bodily injury to warrant conviction for aggravated sexual abuse of a child under section 76–5–404.1(3).

■ Mitchell's second claim is that in sentencing him to the minimum mandatory term of middle severity—six years—the trial judge erred in failing to consider the mitigating factors listed in section 76–3–207. Utah Code Ann. § 76–3–207 (Supp. 1988). This claim has no merit. By its terms, section 76–3–207 applies only to sentencing for capital felonies.

The conviction is affirmed.

HALL, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.