Peter KARAPANOS, Plaintiff
and Appellant,

v.

BOARDWALK FRIES, INC., a Maryland
corporation, Defendant and
Appellee.

No. 910289–CA.

Court of Appeals of Utah.

April 28, 1992.

Rehearing Denied May 29, 1992.

Certiorari Denied Nov. 9, 1992.

---

John Walsh, Salt Lake City, for plaintiff and appellant.

H. Dickson Burton, Salt Lake City, for defendant and appellee.

Before BILLINGS, GREENWOOD and JACKSON, JJ.

BILLINGS, Associate Presiding Judge:

Peter Karapanos (Karapanos) appeals the trial court's order granting summary judgment in favor of Boardwalk Fries, Inc. (Boardwalk). We affirm and remand for the entry of attorney fees incurred on appeal.

On or about June 14, 1989, Karapanos signed a Boardwalk Fries Franchise Agreement. The agreement set forth two lines for Karapanos, the franchisee, to sign. The first appeared after the language, "IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written." The second appeared after the language, "I, Peter C. Karapanos hereby agree to be personally liable to Franchisor for performance of all obligations of Franchisee under the above Agreement." Karapanos signed the agreement on the second line, but failed to sign on the first line. However, Karapanos believed the agreement was binding when he signed it. Boardwalk's president also signed the agreement. When Boardwalk noticed that Karapanos had signed on the line indicating he was personally liable for all of the obligations of the franchisee, but had not signed on the line for the franchisee, Boardwalk returned the agreement to Karapanos, requesting he sign on the franchisee line. Boardwalk, however, did not reject the agreement and treated Karapanos as if the agreement was enforceable.

Karapanos paid Boardwalk the nonrefundable $10,000.00 franchise fee deposit required under the agreement about the time he signed the agreement. In July, Karapanos assigned his interest in the franchise to Guardian State Bank as collateral for a small business loan. In August, after receiving training and proprietary materials, Karapanos told Boardwalk he would not be fulfilling the agreement and requested a refund of the $10,000.00 franchise fee. Boardwalk refused to refund the fee and this suit followed.

On appeal, Karapanos contends the trial court erred in granting summary judgment in favor of Boardwalk, allowing Boardwalk to retain the $10,000.00 franchise fee. Specifically, Karapanos argues the agreement was never executed and, thus, Boardwalk is not entitled to the franchise fee. Alternatively, Karapanos argues the fee should be returned to him under a theory of quantum meruit.

We affirm a trial court's grant of summary judgment "where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Pixton v. State Farm Mut. Auto. Ins. Co.*, 809 P.2d 746, 748 (Utah App.1991). Because summary judgment is granted as a matter of law, "we review the trial court's legal conclusions for correctness." *Id.*

## EXECUTION OF AGREEMENT

Karapanos argues that because he signed in the wrong place, the agreement was never executed. We disagree. Black's Law Dictionary defines "execute" as "[t]o perform all necessary formalities, as to make and sign a contract." 509 (5th ed. 1979). In addition, "it is a general rule that a signature located anywhere on a contract is sufficient to authenticate the instrument if it was placed there with the intent to do so." *Pio v. Gilliland Constr., Inc.*, 276 Or. 975, 560 P.2d 247, 250 (1976); *see* 1 Corbin on Contracts 122 § 31 (1950). Karapanos admits he intended and believed the agreement to be enforceable when he signed it. In fact, he assigned his interest under the agreement to Guardian State Bank to secure a loan. He also flew to Maryland to receive training from Boardwalk. Boardwalk similarly conducted itself as if the agreement were fully enforceable. Boardwalk gave Karapanos confidential and proprietary materials, including operation and training manuals, business plans, budgets, and equipment specifications. It was only after Karapanos began having

doubts about his decision that he questioned the enforceability of the agreement. Therefore, we conclude the parties executed the agreement, and we will enforce the agreement as it is written.

The agreement states: "Ten Thousand Dollars ($10,000.00) shall be paid by Franchisee upon the delivery by Franchisor of a fully executed copy of this Agreement to Franchisee.... Said Franchise Fee is fully earned by Franchisor upon the execution of this Agreement and, once received, no portion thereof shall be refunded to Franchisee." The plain language of the agreement entitles Boardwalk to the $10,000.00 when the agreement is executed and delivered, and the agreement was executed and delivered to Karapanos. "[I]t is not for a court to rewrite a contract improvidently entered into at arm's length or to change the bargain indirectly on the basis of supposed equitable principles." *Dalton v. Jerico Constr. Co.*, 642 P.2d 748, 750 (Utah 1982); *accord Hal Taylor Assocs. v. Unionamerica, Inc.*, 657 P.2d 743, 749 (Utah 1982). Therefore, we conclude, Boardwalk is entitled to retain the franchise fee under the agreement.

### QUANTUM MERUIT

 Karapanos next contends he is entitled to judgment on the basis of quantum meruit because Boardwalk received Karapanos's $10,000.00, and secured a replacement franchisee within a few months. However, "[r]ecovery under *quantum meruit* presupposes that no enforceable written or oral contract exists." *Davies v. Olson*, 746 P.2d 264, 268 (Utah App.1987). We have already concluded the agreement between Karapanos and Boardwalk is enforceable. Thus, quantum meruit is not applicable.

### ATTORNEY FEES ON APPEAL

Boardwalk requests attorney fees incurred in responding to this appeal. Attorney fees are awardable if authorized by statute or contract. *Redevelopment Agency v. Daskalas*, 785 P.2d 1112, 1124 (Utah App.1989), *cert. granted*, 795 P.2d 1138 (Utah 1990). The agreement states: "In

the event any legal or arbitration proceeding is brought to enforce any provision hereof, including the payment of any money to Franchisor ..., the prevailing party shall recover its reasonable costs and expenses (including reasonable accounting and attorneys' fees) incurred in connection therewith." Because the issues on appeal dealt with the enforcement of the agreement, Boardwalk is entitled to attorney fees. We remand for purposes of determining the amount of reasonable attorney fees incurred in defending this appeal.

We conclude summary judgment was appropriate because, as a matter of law, Boardwalk is entitled to retain the franchise fee under the agreement. We affirm the trial court's grant of Boardwalk's motion for summary judgment, and remand for the trial court to determine reasonable attorney fees.

GREENWOOD and JACKSON, JJ., concur.