IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Elmer Bowen, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20110447-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 13, 2012) |
| Kenneth Hart, Clara Hart, | ) | |
| and Kenneth E. & Clara Watts | ) | 2012 UT App 351 |
| Hart Family Living Trust, | ) | |
| | ) | |
| Defendants and Appellees. | ) | |

-----

Fourth District, Fillmore Department, 100700010
The Honorable James M. Brady

Attorneys:     James K. Slavens, Fillmore, for Appellant
               James W. Jensen, Cedar City, for Appellees

-----

Before Judges Davis, McHugh, and Voros.

¶1     Elmer Bowen appeals from the trial court's order granting declaratory judgment but dismissing his claims for unjust enrichment. We affirm.

¶2     Bowen first argues that additional findings should be included in the declaratory judgment to address issues not presented at trial. Although he asserts that the matter was preserved in the trial court, it is not properly before this court for two reasons. First, Bowen acknowledges that the final order entered on April 21, 2012, accurately

reflected the trial court's ruling. He did not timely object to that order. The form of order, therefore, is not appropriately challenged on appeal.

¶3    Second, Bowen's motion to amend the findings under rule 59 of the Utah Rules of Civil Procedure did not preserve the issue of whether additional findings should be made because the disposition of that motion is not before this court on appeal. *See* Utah R. App. P. 4(b)(2). Under rule 4(b)(2), a notice of appeal filed after the entry of judgment but before the disposition of a rule 59 motion is effective only as to the underlying judgment. *See id.* To bring the disposition of the rule 59 motion within the scope of the appeal, a new or amended notice of appeal must be filed after the entry of the order resolving the motion. *See id.* The entry of the order denying Bowen's rule 59 motion made the notice of appeal filed on May 17, 2011, effective and perfected jurisdiction over the appeal of the April 21, 2011 judgment. However, no new or amended notice of appeal was filed after the denial of the rule 59 motion. Accordingly, any issue regarding that motion is not within the scope of this appeal. *See id.*

¶4    Bowen also argues that the trial court erred in declining to consider the motion filed on May 9, 2011, under rule 60(b) of the Utah Rules of Civil Procedure. Bowen sought to set aside the April 21 judgment based on his allegation that the proposed order was not served on him and was thus erroneously entered. The trial court properly declined to consider the motion under rule 60(b) because the motion failed to specify the grounds for relief and relief requested within the scope of that rule. Even if this court would consider a mere recitation of the listed grounds for relief in rule 60(b) without any argument or application to the facts at hand to be sufficient to raise an issue, any error in declining to consider the motion under rule 60(b) was harmless. The trial court found that the proposed order was properly served on Bowen, contrary to Bowen's assertion. Accordingly, there is no factual support for the motion and the motion, even if considered under rule 60(b), would have failed.

¶5    Bowen also challenges the trial court's conclusion that Kenneth and Clara Hart were not unjustly enriched by the heavy equipment work Bowen performed on their property. He asserts that there is insufficient evidence to support the trial court's decision and that the trial court erred in applying elements of unjust enrichment. We disagree.

¶6     "[R]ecovery under an unjust enrichment theory is available only when 'no enforceable written or oral contract exists.'" *Wood v. Utah Farm Bureau Ins. Co.*, 2001 UT

App 35, ¶ 10, 19 P.3d 392 (quoting *Bailey-Allen v. Kurzet*, 876 P.2d 421, 425 (Utah Ct. App. 1994)). Bowen does not challenge the trial court's finding that there was no separate agreement between the parties regarding the heavy equipment work. Rather, he asserts that he is entitled to recovery under unjust enrichment because there was no independent agreement for the heavy equipment work performed. He fails to acknowledge, however, that the trial court found that the work was performed within the scope of the original agreement to clean up and maintain the property in exchange for living there indefinitely rent free.

¶7     The parties stipulated at trial that an agreement was made permitting Bowen to live in the apartment for the rest of his life without paying rent if he maintained and cleaned up the property. Accordingly, there was an enforceable oral agreement. Because the trial court found that the heavy equipment work was within the scope of that agreement, unjust enrichment does not apply. *See id.*

¶8     Furthermore, there is sufficient record evidence to support the trial court's determination that the work was within the scope of the agreement. Kenneth Hart testified that the heavy equipment work was expressly discussed as part of the initial agreement for living on the property. He stated that Bowen offered to do the work as part of the agreement. Hart also testified that he had a bid for the cleanup of the buildings and pads, but he declined the bid after the agreement with Bowen was reached. Furthermore, he stated that he would not have let Bowen do the work if he thought that he would have to pay for it. The equipment that Bowen used was not the optimal equipment for the work, so if Hart was going to hire someone to do the cleanup, he would have hired someone with more appropriate equipment to make quick work of the job. In sum, Hart's testimony is sufficient to support the trial court's conclusion. Although there was competing evidence from Bowen, it is the trial court's province to weigh evidence and make any credibility determinations required. *See Rawlings v. Rawlings*, 2010 UT 52, ¶ 45, 240 P.3d 754.

¶9     Bowen also asserts that "the trial court's factual findings were insufficient to support its conclusion" that Kenneth Hart was entitled to retain a fifty-percent interest

in the backhoe.  This argument fails for two reasons.  First, to the extent it is a challenge to the level of detail in the court's findings, it is unpreserved.  *See 438 Main St. v. Easy Heat*, 2004 UT 72, ¶ 51, 99 P.3d 801.  Second, to the extent it is a challenge to the sufficiency of the evidence supporting the trial court's determination, Bowen fails to marshal the evidence.  *See id.* ¶ 69.

¶10     Bowen argues that the trial court failed to identify the terms and conditions of the parties' agreement regarding the transfer of the backhoe.  This issue is not preserved for appeal.  To preserve an issue for appeal, the matter must be presented to the trial court in such a manner that the trial court has the opportunity to rule on the issue.  *See id.* ¶ 51.  As noted above, there was no timely objection to the form of the order.  As a result, the trial court was not given the opportunity to address whether additional detail or terms should have been included in the order.  Accordingly, this is not properly before this court on appeal.

¶11     Bowen has also failed to marshal the evidence in support of the trial court's determination that the bill of sale evidenced a completed transaction.  When challenging the sufficiency of the evidence, an appellant must marshal the evidence in support of the findings contested and show that, despite the evidence, the "findings are so lacking in support as to be against the clear weight of the evidence."  *Id.* ¶ 69.  Here, Bowen argues his own facts or the lack of facts in an effort to overcome the trial court's findings.  He does not, however, present the supporting evidence and show that it is insufficient.

¶12     It is undisputed that Bowen transferred a fifty-percent interest in the backhoe to Kenneth Hart in 2007, as evidenced by a bill of sale.  Other evidence supporting that the transaction was complete at that time includes Hart's testimony that he paid the recited ten dollars, that the transaction made sense in a context of Bowen attempting to put his affairs in order, and that there was no promissory note or discussion of other payment.  There was no executory language in the bill of sale.  Rather, the plain language of the document reflected consideration paid and a final transaction.  Accordingly, based on the record evidence and Bowen's failure to marshal such evidence and show that it was insufficient, Bowen has not established that the trial court erred in finding that the

transfer of the interest in the backhoe was complete and that Hart was entitled to retain the fifty-percent interest conveyed.[1]

¶13 Affirmed.[2]

_____
James Z. Davis, Judge


_____
Carolyn B. McHugh, Judge


_____
J. Frederic Voros Jr., Judge

---

[1]In addition, because the transaction was complete on its terms and evidenced a contracted sale, unjust enrichment does not apply. *See Wood v. Utah Farm Bureau Ins. Co.*, 2001 UT App 35, ¶ 10, 19 P.3d 392.

[2]The Harts' request for attorney fees under rule 33 of the Utah Rules of Appellate Procedure is denied.