302 P.2d 712

Jack Aldon HEWITT, Plaintiff and
Appellant,

v.

The GENERAL TIRE AND RUBBER COM-
PANY, a corporation of Ohio, Defend-
ant and Respondent.

No. 8502.

Supreme Court of Utah.
Oct. 26, 1956.

Woodrow D. White, Salt Lake City, for
appellant.

Don J. Hanson, Hanson & Baldwin, Salt
Lake City, for respondent.

WORTHEN, Justice.

At the conclusion of presentation of evi-
dence in this case, respondent moved for a
directed verdict, which motion was taken
under advisement, pending the jury's ver-
dict. The jury returned a verdict in favor
of appellant on April 23, 1953. On the fol-
lowing day the clerk signed and entered the
judgment on the verdict. Thereafter the
respondent renewed its motion for directed

verdict. The trial court granted the motion for a directed verdict and on the 13th day of May, 1953, set aside the verdict and judgment entered thereon, and entered judgment in favor of respondent, no cause of action.

Upon appeal to this court the judgment was reversed, 3 Utah 2d 354, 284 P.2d 471, and we ordered that the judgment of the district court be set aside, and that the judgment upon the jury verdict be reinstated.

After hearing of respondent's motion to have the court determine if interest should be paid on the judgment during the time the case was on appeal to this court, the trial court ordered that interest be disallowed from the date of the original entry of judgment and allowed interest only from the date of the order denying petition for rehearing.

Defendant contends that plaintiff is entitled to interest only subsequent to the action of this court in reinstating the judgment. Plaintiff contends that he is entitled to interest from the date of the entry of judgment on the verdict. This court has not heretofore passed upon the question here presented.

We are of the opinion that plaintiff is entitled to interest from the entry of judgment on the verdict. Section 15–1–4, U.C.A. 1953, provides:

"Any judgment rendered on a lawful contract shall conform thereto and shall bear the interest agreed upon by the parties, which shall be specified in the judgment; other judgments shall bear interest at the rate of eight per cent per annum."

It is not disputed that the judgment entered by the clerk upon the verdict on April 24, 1953, was a valid judgment, and that the plaintiff would have been entitled to interest on the same had not the trial judge set aside the verdict and judgment thereon and entered judgment for defendant, no cause of action. The court's order entering judgment for the defendant was in error and abortive, and when this court issued its mandate ordering the judgment for defendant vacated and the judgment on the verdict for plaintiff reinstated, it vitalized that judgment to the same extent and with the same force as though the trial court had never entered the abortive and erroneous judgment for defendant.

In Reimers v. Frank B. Connet Lumber Company,[1] the plaintiff obtained a verdict and judgment thereon on May 24, 1952, in an action arising out of an automobile accident. The trial court set the verdict and judgment for plaintiff aside and granted defendant's motion for a new trial, and plaintiff appealed. The Supreme Court of Missouri reversed the order and held that

1. Mo.1954, 273 S.W.2d 348, 349.

the trial court erred in granting defendant a new trial, and said:

" 'It follows that the trial court's order granting defendant a new trial is reversed with *directions to reinstate the verdict* and judgment for plaintiff.' " (Emphasis added.)

Defendant's motion for a rehearing was overruled on *September 13, 1954,* and the Supreme Court's mandate, issued *September 22, 1954,* said:

" 'Now at this day come again the parties aforesaid, by their respective attorneys, and the court here being now sufficiently advised of and concerning the premises, doth consider and adjudge that the order of the Circuit Court of Jackson County granting a new trial be reversed, annulled and for naught held and esteemed, and that the said appellant be restored to all things which he has lost by reason of said order. It is further considered and adjudged by the Court that the said cause be remanded to the said circuit court of Jackson County with directions to reinstate the verdict and judgment for the plaintiff; and that the said appellant recover against the said respondent his costs and charges herein expended and have therefor execution.' "

Upon receipt of the mandate, the trial court entered its order reinstating plaintiff's verdict and judgment, but refused to include any provision in the order with respect to interest.

On November 3, 1954, motion was filed by plaintiff reciting the above facts, and also reciting that defendant paid to the clerk the principal of the judgment and costs, refused to pay interest from May 24, 1952, (the date of the judgment) and contended that the mandate means that interest begins to be due *from the date on which the circuit court made* its order reinstating plaintiff's verdict and judgment.

The court observed:

"We think our mandate is clear and unambiguous and that there can be no question that under that mandate plaintiff's verdict and judgment were 'reinstated' as of May 24, 1952. * * * And, of course, a judgment bears interest from the date of rendition. We are of the opinion that the case of Scullin v. Wabash R. Co., 192 Mo. 6, 90 S.W. 1028, in so far as it indicates a contrary meaning of the opinion and mandate in this case, should not be followed."

Defendant cites the Scullin case which was disapproved by the Missouri Court in the Reimers case.

In Givens v. Missouri-Kansas-Texas R. Co. of Texas,[2] the verdict of the jury was

2. 5 Cir., 196 F.2d 905, 906.

in response to forty special issues and was rendered December 4, 1950. On December 7, 1950, both plaintiff and defendant moved for judgment on the jury's verdict. It was not until *February 13, 1951,* that the district court decided these motions and entered judgments for the defendant. The court of appeals reversed the judgment of the district court which overruled plaintiff's motion for judgment in the amount of $12,000, and directed that judgment be entered for plaintiff in that amount on the verdict of the jury. Nothing was said about interest. Plaintiff moved to amend the mandate to allow interest from the date he made the motion for judgment on the verdict. The court declined to allow interest from the date of the motion for judgment on the verdict but did allow interest from the date the district court entered judgment for the defendant. The court said:

"Accordingly it is ordered and adjudged that the mandate of this court heretofore issued on the 23rd day of April, 1952 be recalled and that an amended mandate be issued to provide that the judgment in the amount of $12,000.00 to be entered by the district court shall provide also for interest on that amount from the 13th day of February, 1951."

In Smith v. American Fire & Casualty Co.,[3] the jury returned a verdict for the plaintiff. The trial court sustained defendant's motion for judgment notwithstanding the verdict. The appellate court held that the trial court erred in granting defendant's motion, and said:

"The judgment of the trial court must be reversed and judgment here rendered for plaintiff for the sum of $815. As regards interest, the decision in Texas Power Corp. v. Keuhler, Tex.Com.App., 52 S.W.2d 76, is applicable to the petition; and interest on the $815 at the legal rate will therefore be awarded from the date of the trial court's judgment. Houston Gas & Fuel Co. v. Perry, 127 Tex. 102, 79 S.W.2d 623, 91 S.W.2d 1052."

■ Nor can we see any good reason why plaintiff should lose his interest because defendant was able to convince the trial court to make an erroneous ruling.

The order denying interest is reversed. Costs to appellant.

McDONOUGH, C. J., and CROCKETT, HENRIOD, and WADE, JJ., concur.

3. Tex.Civ.App., 242 S.W.2d 448, 454.