Betz, d. b. a. Charbetz, Appellant, v. Timmons, Appellee.

(No. 7256—Decided September 24, 1963.)

*Mr. Ray J. Glaze*, for appellant.
*Mr. Keith McNamara*, for appellee.

Bryant, J.   John C. Betz, d. b. a. Charbetz, appellant herein, plaintiff below, has appealed to this court on questions of law from a judgment of the Columbus Municipal Court in favor of George W. Timmons, appellee herein, defendant below, in the amount of $3,388.46 and costs.   The judgment in question was entered on November 7, 1962, in the court below.

This is the second appeal in this case.   The prior appeal in this court was case No. 6810, and in that case, of the several errors assigned, all were overruled except the sixth error in which it was asserted that because of the insufficiency of the evidence and because the weight of the evidence was otherwise, the court committed error in rendering judgment for the defendant in the amount of $4,147.21.   (See opinion of Duffy, J., Case No. 6810, *Betz, Appellant,* v. *Timmons, Appellee.*)   This court at that time reversed the judgment of the court below by journal entry ordering that the cause be "remanded for further proceedings according to law."   The journal entry of reversal also stated:

"This court finds that the trial court committed error prejudicial to the appellant in that the amount of the judgment is

incorrect in that no computation of figures presented in evidence permits a conclusion that the damages allowable on the cross-petition would be $4,147.21."

The earlier judgment of the court below entered on the half sheet on May 3, 1961, reads:

"Case called. Parties in appearance. Evidence taken and judgment is for the defendant on his cross-petition and for the plaintiff by agreement and stipulation for the amount due on the ammunition storage recited in his petition. Judgment is for the defendant, George W. Timmons, against the plaintiff, John C. Betz, in the sum of $4,147.21 and for the plaintiff, John C. Betz, against the defendant, George W. Timmons, in the amount of $824.53 as per decision.

"Parties to share the costs equally."

After the reversal and upon further consideration, the court below on November 7, 1962, rendered a recomputed judgment as shown by the half sheet as follows:

"Motion of defendant, Timmons, for further proceeding according to law sustained. Further proceedings had and original judgment was recomputed from evidence contained in the record. Judgment so recomputed is for the defendant, George W. Timmons, on his cross-petition, against the plaintiff, John C. Betz, in the sum of $3,388.46 and costs as per decision."

Plaintiff in his appeal to this court has assigned six errors which, in substance, are: (1) The judgment is contrary to law; (2) error in rendering judgment for $3,388.46 for the reason that the evidence was insufficient and the judgment was not supported by a preponderance of the evidence; (3) the failure of court below to grant a new trial; (4) the judgment is against the manifest weight of the evidence; (5) error in overruling the motion of plaintiff for a new trial; and (6) for other errors of law apparent on the face of the record.

As we see it, there is a material difference between the former judgment of the court below entered on May 3, 1961, and the recomputed judgment entered by the court below on November 7, 1962. In the earlier entry, judgment was granted for both plaintiff and defendant, while in the recomputed entry judgment was granted only for the party in whose favor the greater amount was due, namely, defendant.

The pleadings on which the case was tried included the

amended petition filed by plaintiff on August 19, 1960, which was a short form petition on account, and the answer and second amended cross-petition filed by defendant on December 13, 1960, the latter including three causes of action in the second amended cross-petition.

As appears from the pleadings, the controversy here arose under two contracts between the parties, one entered into on March 15, 1959, for labor and materials for the cleaning of exterior masonry and interior glazed tile on a hospital structure at Lockbourne Air Base, and the other entered into November 10, 1958, for labor and material, installing certain metal screen storm combination door, caulking and weather stripping of an ammunition storage building. The 1959 contract was the subject of the first cause of action and the 1958 contract was the subject of the second cause of action in the second amended cross-petition above referred to. Careful examination of the exhibits attached to the amended petition indicates that, although the suit was on account, it related to the same two contracts as those referred to in the first and second causes of action of the cross-petition.

In a situation such as this where adverse claims are made relating to the same or related subject matter, the trial court may make findings in favor of either party but should render only one judgment and that in favor of the party having the greater amount due. In the case of *Gordon* v. *Steinmetz* (1905), 71 Ohio St., 372, the Supreme Court of Ohio so held, the first paragraph of the syllabus reading:

"When in an action for the recovery of money only, the defendant in his answer, sets out a counterclaim or set-off, there may be a finding in favor of each party, but only one judgment is proper, and that for the difference between the amounts of the findings and for the party in whose favor is the greater amount and, under Sections 5348 and 5349, Revised Statutes, when not otherwise provided by statute, for costs."

The prayer of the second amended cross-petition was for $3,416.23, slightly in excess of the amount of the recomputed judgment. It was stipulated and agreed by the parties that the amount due for work at the ammunition storage facilities should be reduced to $824.52. This credit was applied against the amount of $4,212.98 in favor of defendant thus reducing the net

amount to $3,388.46, which with costs was correctly awarded to defendant. The several errors are not well taken, must be overruled, the judgment of the court below affirmed and the cause remanded.

The judgment of the court below is affirmed.

*Judgment affirmed.*

DUFFEY, J., concurs.
DUFFY, P. J., dissents in part.

DUFFEY, J., concurring. In computing a judgment for money, the prayer operates as a maximum limit or ceiling upon the findings on the evidence. In computing a net judgment such as in the present case, the prayer in the petition and the prayer in the counterclaim control in the same manner in arriving at the interests of the respective parties under each's claim. The net judgment is the difference between the interests of the parties as so computed.

A party may admit liability and claim a right to a larger sum than he has admitted owing. If so, I see no objection to a prayer which requests judgment for the net difference. A net judgment within such a prayer is proper if the items used in the computation are the same as those in the pleadings. In the present case, the second cause of the counterclaim does, in effect, admit liability in the amount of $824.52. The judgment is thus within the prayer and supported by the evidence. I therefore concur in the judgment of affirmance.

DUFFY, P. J., dissenting in part. The transcript of testimony shows that a charge of $932.26 was made because the workmen of the Timmons Company, in their reworking of the area previously done by Charbetz, got mortar on the wainscot and it was necessary to repaint it. There is no showing that it was necessary to get the mortar on the paint, and in the absence of evidence the allowance of that figure was improper.