PASCACK VALLEY BANK AND TRUST COMPANY *v.*
RITAR FORD SALES, INC., ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-671-12940

Argued June 12—decided August 25, 1972

*Sidney Vogel,* of Norwalk, on the brief for the named defendant.

*Lawrence J. Merly,* of Bridgeport, on the brief for the plaintiff.

PER CURIAM. The parties have stipulated that the motion be decided on briefs. The plaintiff in the trial court sought damages for the conversion of an automobile which it claimed as the assignee of a conditional sale contract and note. Judgment was rendered for the named defendant on July 30, 1968, and the plaintiff appealed to this court. We remanded the case on March 23, 1970, for a proper finding and further proceedings. On April 10, 1970, a corrected finding was filed and the parties thereupon stipulated that further documents and arguments be waived and the case be decided on the records before us. On December 24, 1970, this court found error and directed a judgment for the plaintiff together with interest on the judgment at 6 percent per annum from the date of the original judgment in the trial court, that is, from July 30, 1968. *Pascack Valley Bank & Trust Co.* v. *Ritar Ford, Inc.,* 6 Conn. Cir. Ct. 489, 502. This judgment was announced December 31, 1970. Certification for review was denied March 24, 1971. *Pascack Valley Bank & Trust Co.* v. *Ritar Ford Sales, Inc.,* 160 Conn. 590.

The defendant now claims that interest on the judgment is recoverable only from December 31, 1970, and not from July 30, 1968. "At common law judgments do not bear interest but interest on judgments is now generally allowed by virtue of statute." *Little* v. *United National Investors Corporation,* 160 Conn. 534, 536. Interest on a judgment runs from the date of that judgment. General Statutes § 52-349; see *Mazzotta* v. *Bornstein,* 105 Conn. 242, 244. The question raised here is whether interest was allowable from the date of the judgment for the defendant when upon appeal that judgment was set aside and judgment for the plaintiff was directed.

The defendant cites *Weed* v. *Weed,* 25 Conn. 494, 497, to support its contention that, where a judgment in a trial court has been modified by an appellate

court, interest runs from the date of the judgment in the appellate court. In *Weed,* a motion for a new trial was granted unless the plaintiff should remit a certain sum improperly included in his verdict, which he accordingly did, and judgment was rendered for the remainder of the verdict with interest thereon for the time intervening between the verdict and the judgment. It was held, on a writ of error from the judgment, that the interest was properly added to the verdict, the court stating that the payment of the balance of the judgment was wrongfully delayed by the motion of the defendant for a new trial which was refused. *Weed* gives no relief to the defendant in the case at bar, for here error was found in the judgment rendered for the defendant. Had the trial court rendered a judgment for the plaintiff as it should have done, interest would have been computed from the time of that judgment, that is, from July 30, 1968. It is only just that interest as ordered by this court on the appeal be computed from such date. The plaintiff cannot be said to have wrongfully delayed the matter. See *Little* v. *United National Investors Corporation,* supra, 537; *Clime* v. *Gregor,* 145 Conn. 74, 76; *Ireland* v. *Connecticut Co.,* 112 Conn. 452, 454.

The motion is denied.

DEARINGTON, JACOBS and KINMONTH, Js., participated in this decision.