**Cleo B. MASON, Plaintiff and Respondent,**

v.

**WESTERN MORTGAGE LOAN CORPORATION, Defendant and Appellant.**

No. 880070-CA.

Court of Appeals of Utah.

May 19, 1988.

Gregory S. Bell, David F. Wahlquist (argued), Merrill F. Nelson, Kirton, McConkie & Bushnell, Salt Lake City, for defendant and appellant.

Jackson Howard (argued), Leslie W. Slaugh, Danielle Eyer Davis, Howard, Lewis & Petersen, Provo, for plaintiff and respondent.

Before BENCH, DAVIDSON and ORME, JJ.

## OPINION

BENCH, Judge:

Defendant appeals from an award of judgment interest. We reverse and remand.

In 1977, plaintiff Cleo Mason entered into two loan agreements with defendant Western Mortgage Loan Corporation (Western) under which Western would provide approximately $54,000 for the construction of two houses. While Western disbursed $25,000 of the construction funds upon joint authorization of Mason and her general contractor, $29,000 was disbursed at the sole request of the contractor, without Mason's express authorization. Prior to completion of the homes, the loan funds were exhausted. Mason discharged the contractor and spent another $14,000 of her own funds to complete the houses. Mason then filed this action against Western, claiming the $29,000 disbursed without her authorization violated the terms of the loan agreements.

Trial was held in January 1982. In its findings and conclusions dated October 14, 1982, the trial court found that although Western disbursed construction funds without Mason's authorization, Mason failed to prove said disbursements were not used for construction labor and materials. Since Mason failed to prove any damages, the court dismissed her action and entered judgment for Western.

Mason appealed the trial court's decision. The Utah Supreme Court held, as a matter of law, Mason had satisfied her burden of proving damages, and the burden was then on Western to show which of the unauthorized disbursements, if any, were incorporated into the two houses. The Court reversed the trial court's judgment and remanded for entry of judgment in Mason's favor in the amount of damages to be established at trial. *See Mason v. Western Mortgage Loan Corp.*, 705 P.2d 1179 (Utah 1985).

On remand, Mason conceded all but $15,380 of the wrongly disbursed $29,000 was used directly in the construction and proposed a judgment in that amount, plus interest from October 14, 1982, the date of the original judgment for Western. Over Western's objections, the trial court entered judgment for Mason for the principal amount and interest requested. Western appealed both the award of damages and judgment interest. The parties filed cross-motions for summary disposition. The Utah Supreme Court summarily affirmed

the damages award but reserved the issue of judgment interest. This case was subsequently transferred to this Court pursuant to R.Utah.S.Ct. 4A.

On appeal, Western argues the trial court erred in awarding judgment interest from the date of the original 1982 judgment for Western rather than the 1986 judgment for Mason. In her respondent's brief, Mason requests prejudgment interest dating from the 1977 disbursements. However, Mason failed to request prejudgment interest at trial and did not file a cross-appeal. We therefore decline to reach this issue on appeal. *James v. Preston*, 746 P.2d 799 (Utah App.1987); *Halladay v. Cluff*, 739 P.2d 643 (Utah App.1987).[1]

The issue of whether a judgment following appellate remand bears interest from the date of its entry or from the date of the prior adverse judgment that was reversed on appeal is one of first impression in Utah. Mason contends the Utah Supreme Court's decision in *Hewitt v. General Tire and Rubber Company*, 5 Utah 2d 379, 302 P.2d 712 (1956), should be controlling in the instant case. In *Hewitt*, the trial court granted defendant's motion for a directed verdict and set aside the judgment for plaintiff entered on a jury's verdict. The Utah Supreme Court reversed and ordered that the judgment for plaintiff be reinstated. On remand, the trial court disallowed interest from the date of the original entry of judgment. The Utah Supreme Court reversed the trial court's order denying interest, explaining "we see [no] good reason why plaintiff should lose his interest because defendant was able to convince the trial court to make an erroneous ruling." *Id.* at 382, 302 P.2d at 714.

*Hewitt* is factually distinguishable from the instant case. In *Hewitt*, there was a valid judgment on which plaintiff would have been entitled to interest had not the judgment been set aside. In the instant case, the original judgment was for Western, not Mason. In *Hewitt*, the Utah Supreme Court stated its reversal "reinstated" or "vitalized" the original judgment. In the instant case, Mason had no original judgment which could be reinstated or vitalized. As the issue raised in this appeal is one of first impression, we will review the decisions of other jurisdictions to aid in our determination.

In *Stockton Theatres, Inc. v. Palermo*, 55 Cal.2d 439, 360 P.2d 76, 11 Cal.Rptr. 580 (1961), the Supreme Court of California held:

> A judgment bears legal interest from the date of its entry in the trial court even though it is still subject to direct attack. When a judgment is modified upon appeal, whether upward or downward, the new sum draws interest from the date of entry of the original order, not from the date of the new judgment. On the other hand, *when a judgment is reversed on appeal the new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment.*

360 P.2d at 78 (citations omitted) (emphasis added). The *Stockton* approach is now the majority rule in American jurisdictions. *See Isaacson Structural Steel Co. v. Armco Steel*, 640 P.2d 812, 817 n. 12 (Alaska 1982). One reason in support of the majority rule is the original judgment, once reversed, is extinguished, thus leaving no judgment on which to accrue interest. *Rexnord, Inc. v. Ferris*, 69 Or.App. 146, 684 P.2d 26 (1984).

The minority rule, as adopted by the Alaska Supreme Court in *Isaacson*, states, "[W]hen the trial court's judgment is erroneous, the judgment of the [appellate court] must take its place and plaintiff is entitled to interest from the date of the

---

1. On appeal, Mason argues that under our holding in *Fitzgerald v. Critchfield*, 744 P.2d 301 (Utah App.1987), her failure to raise the issue of prejudgment interest at trial is "of no consequence" to her request on appeal. In *Fitzgerald*, we held a party's "failure to specifically plead a request for prejudgment interest is of no consequence because 'the interest issue is injected by law into every action for the payment of past due money.'" *Id.* at 304 (quoting *Lignell v. Berg*, 593 P.2d 800, 809 (Utah 1979)). Although Fitzgerald failed to request prejudgment interest in his original pleading, he did, contrary to Mason, request it at trial and the trial court so awarded.

erroneous judgment." 640 P.2d at 817 (quoting *Thornal v. Cargill, Inc.,* 587 S.W. 2d 384, 385 (Tex.1979). *See also Pascack Valley Bank and Trust Co. v. Ritar Ford Sales, Inc.,* 6 Conn.Cir.Ct. 646, 295 A.2d 667 (1972). One reason these jurisdictions follow the minority rule is that they do not consider responsibility for a delay of payment as a factor in making an interest award; rather the interest award is in the form of compensation for the period that plaintiff remains "less than whole." *Farnsworth v. Steiner,* 638 P.2d 181, 185 (Alaska 1981); *Pascack Valley,* 295 A.2d at 668.

 We hereby adopt the majority rule that when a judgment is reversed on appeal, the new judgment subsequently entered by the trial court may bear interest only from the date of entry of that new judgment.[2] The majority rule is in line with Utah R.Civ.P. 54(e) and R.Utah Ct. App. 32 (interest awarded only from entry of judgment). The minority rule and its reasoning, on the other hand, is contrary to Utah case law. *See L & A Drywall, Inc. v. Whitmore Constr. Co., Inc.,* 608 P.2d 626 (Utah 1980) (prejudgment interest represents amount awarded as damages due to opposing party's delay in paying amount owed under obligation).

The trial court's award of judgment interest is reversed. The matter is remanded to the trial court for entry of an award of interest at the statutory rate from January 31, 1986, the date of the new judgment.

DAVIDSON and ORME, JJ., concur.

**2.** Of course, in cases where prejudgment interest is available and has been timely requested, plaintiff would be entitled to prejudgment interest from the time her loss is fixed and accurately calculable until entry of the new judgment. Compensation is at a slightly higher rate of interest following entry of judgment. *See* Utah Code Ann. § 15–1–1, –4 (1986).