1999 Utah Ct. App. 335

**Robert KURTH and Laura Kurth, individually and as trustees of the Kurth Revocable Trust, Plaintiffs and Appellees,**

**v.**

**Daniel R. WIARDA, individually; and Lonetree Services, Inc., a Utah corporation, dba Lonetree Log Homes, Defendants and Appellants.**

**No. 981582–CA.**

Court of Appeals of Utah.

Nov. 12, 1999.

---

J. Bryan Jackson, Cedar City, for Appellants.

Robert O. Kurth, Jr., Kurth & Associates, Las Vegas, Nevada, and Willard R. Bishop, Willard R. Bishop, PC, Cedar City, for Appellees.

Before WILKINS, P.J., GREENWOOD, Associate P.J., and JACKSON, J.

## OPINION

WILKINS, Presiding Judge:

¶ 1 This is an appeal from a final judgment of the trial court entered June 17, 1998 holding Daniel R. Wiarda (Wiarda) individually liable for $35,821.96 in attorney fees and costs resulting from the construction of a log home for appellees, Robert and Laura Kurth (the Kurths). We affirm.

## BACKGROUND

¶ 2 The Kurths are the owners of real property and a log home located in Iron County, Utah. Wiarda is the president of Lonetree Services, Inc. (Lonetree), a Utah Corporation, which constructs log homes.

¶ 3 In November 1994, the Kurths contracted with Lonetree to construct a log home on their property. Before completion of the project, the Kurths became dissatisfied with the workmanship and quality of materials provided by Lonetree. Consequently, the Kurths refused to make the final payment of $14,676.00, fired Lonetree and Wiarda (defendants), and hired another contractor to complete the home. When defendants' demands for payment failed, Wiarda filed a mechanics' lien against the property on October 23, 1995. The lien was signed by Wiarda "doing business as Lonetree Log Homes." In October 1995, defendants initiated suit for breach of contract, quantum meruit, damages for unjust enrichment, and foreclosure of the mechanics' lien. The Kurths answered, and shortly thereafter initiated suit against defendants, alleging twenty-two causes of action arising from the

home construction contract, among them: breach of contract, negligence, wrongful lien, fraud, misrepresentation and punitive damages. The court consolidated the cases. The Kurths then filed a motion to release the mechanics' lien which the court granted on July 22, 1996. However, the court further ordered the Kurths to post bond of $14,676, the amount of final payment defendants claimed was due under the contract, to be held until resolution of the case.

¶ 4 On March 5, 1997, the court dismissed sixteen of the Kurths' claims and awarded defendants $2,130 in attorney fees for defending against frivolous claims asserted by the Kurths. The case went to trial on the remaining claims. On February 5, 1998, the jury returned a verdict against Lonetree. On March 24, 1998, the court entered a Judgment on the Verdict. This judgment indicated that the Kurths prevailed and were awarded $545,000 in damages on their claims of breach of contract, negligence, negligence per se, fraud and misrepresentation, and punitive damages. The court dismissed the Kurths' wrongful lien claim as well as Wiarda's and Lonetrees's unjust enrichment, breach of contract and mechanics' lien claims. The court reserved the issue of attorney fees.

¶ 5 On April 7, 1998, the court entered its memorandum decision, ruling that because the Kurths prevailed against Lonetree at trial, the Kurths were entitled to $30,233.76 in attorney fees and costs. In this decision, the court ruled that in dismissing the mechanics' lien claim against the Kurths, the Kurths were the successful party and therefore were entitled to an award of reasonable attorney fees pursuant to the mechanics' lien statute, specifically section 38–1–18 of the Utah Code. On April 24, 1998, the court entered its order consistent with the memorandum decision and assessed fees and costs against Lonetree. On June 17, 1998, the trial court entered an order altering the April 24th order. This later order increased the award of costs and attorney fees to $35,821.96 and designated that Wiarda was liable in place of Lonetree. The court indicated that it substituted Wiarda for Lonetree because on its face the mechanics' lien purports

to be filed by Wiarda individually. This appeal followed.

¶ 6 On appeal, Wiarda argues that the trial court erred in granting the Kurths attorney fees and costs against him. Specifically, he argues that: (1) he is the "successful party" under Utah's mechanics' lien statute since the claim of wrongful lien brought by the Kurths was dismissed, and the original mechanics' lien was not an issue at trial; (2) the court erred in entering fees and costs against him individually; (3) the court improperly awarded attorney fees to the Kurths on non-compensable claims; (4) the court's award of attorney fees and costs was unreasonable; and (5) the attorney fee award results in double recovery.

## ATTORNEY FEES AND COSTS UNDER THE UTAH MECHANICS' LIEN STATUTE

¶ 7 Wiarda argues the trial court erred in granting the Kurths attorney fees and costs as the prevailing party under Utah Code Ann. § 38–1–18 (1997). "Whether attorney fees are recoverable in an action is a question of law, which we review for correctness." *A.K. & R. Whipple Plumbing v. Aspen Constr.*, 977 P.2d 518, 522 (Utah Ct.App.), *cert. denied*, 1999 Utah Lexis 134 (Utah 1999); *see also First Southwestern Fin. Serv. v. Sessions*, 875 P.2d 553, 554 & n. 5 (Utah 1994) (holding court's determination of "prevailing party" status under Utah statute is a conclusion of law).

¶ 8 In Utah, attorney fees are generally recoverable only if provided for by statute or contract. *See Mountain States Broad. Co. v. Neale*, 783 P.2d 551, 555 (Utah Ct.App.1989). In this case, attorney fees were awarded solely under the Utah mechanics' lien statute, which provides that, "in any action brought to enforce any lien under this chapter the *successful party* shall be entitled to recover a reasonable attorneys' fee, to be fixed by the court, which shall be taxed as costs in the action." Utah Code Ann. § 38–1–18 (1997) (emphasis added). In this case, both parties claim to be the successful party. Wiarda maintains he is the successful party because the issue of foreclosure of the mechanics lien was not an issue at trial and

because he prevailed on the Kurths' claim of wrongful lien as a result of its dismissal. The Kurths, on the other hand, argue that attorney fees were properly awarded because they successfully defended against defendants' mechanics' lien claim; it having been dismissed with no recovery against Kurths on the bond they were required to post as a condition to the earlier release of the lien.

■■■ ¶ 9 A successful party includes one who successfully enforces or defends against a lien action. *See Reeves v. Steinfeldt,* 915 P.2d 1073, 1079 (Utah Ct.App.1996); *Palombi v. D & C Builders,* 22 Utah 2d 297, 300–01, 452 P.2d 325, 327–28 (1969). Here, the trial court concluded that the Kurths were the successful parties and entitled to an award of attorney fees under section 38–1–18 because the court dismissed the defendants' mechanics' lien claim. Essentially, the court reasoned that in dismissing the mechanics' lien action, the Kurths successfully defended against the mechanics' lien. We agree. The only relevant claim for purposes of awarding attorney fees in this case was the mechanics' lien claim which the Kurths successfully defended against; it is immaterial that defendants prevailed on the wrongful lien claim. *See J.V. Hatch Constr., Inc. v. Kampros,* 971 P.2d 8, 15 (Utah Ct.App.1998) ("[A] lien claimant's prima facie evidence establishing its right to attorney fees is met by showing that it is the prevailing party in the *mechanics' lien cause of action.*") (emphasis added); *see also* Utah Code Ann. § 38–9–2(3) (Supp. 1999).

■■■ ¶ 10 We also reject Wiarda's argument that the trial court erred in awarding attorney fees and costs against him individually. Because we hold that the Kurths successfully defended against the mechanics' lien foreclosure action, brought by Wiarda in his individual capacity, they are statutorily entitled to attorney fees and costs against Wiarda under section 38–1–18.

## ATTORNEY FEES FOR NON-COMPENSABLE CLAIMS

■■■ ¶ 11 Wiarda also contends the court erred in awarding attorney fees under the mechanics' lien statute because the claims upon which the Kurths prevailed did not independently provide for attorney fees. We addressed this issue in *Brown v. David K. Richards & Co.,* 978 P.2d 470 (Utah Ct.App. 1999), and *First General Services v. Perkins,* 918 P.2d 480 (Utah Ct.App.1996). As indicated in these cases, this presents an issue of statutory interpretation, a matter of law on which we accord no deference to the trial court. *See First General,* 918 P.2d at 486.

¶ 12 In *Brown,* we said:

We have awarded fees to a prevailing party even though some of the fees may not have been incurred on strictly compensable issues, because proof of the compensable and non-compensable claims overlapped. For example, in [*First General*], a subcontractor sought to foreclose a mechanics' lien against a homeowner, and the homeowner counterclaimed alleging negligent workmanship. The subcontractor prevailed and sought recovery of its fees incurred in both the foreclosure of its lien and defense to the homeowner's counterclaim.... On appeal, ... [we held] that the subcontractor was entitled to fees both in pursuing its affirmative claims and defending against the counterclaim because the two were inextricably tied together. In so holding, we recognized that *where the proof of a compensable claim and otherwise non-compensable claim are closely related and require proof of the same facts, a successful party is entitled to recover its fees incurred in proving all of the related facts.*

*Brown,* 978 P.2d at 475 (emphasis added) (internal citations omitted).

¶ 13 Although the claims upon which the Kurths prevailed at trial did not independently permit an award of attorney fees, attorney fees were properly awarded because a portion of these otherwise non-compensable claims overlapped the mechanics' lien action on which the Kurths prevailed. The court made particular findings that the parties' claims were "intertwined," and limited the award to an amount determined to reflect the intertwined elements of the case.

APPROPRIATENESS OF AWARD

¶ 14 Wiarda also challenges the reasonableness of the court's award of attorney fees and costs.

> [The c]alculation of reasonable attorney fees is in the sound discretion of the trial court, and will not be overturned in the absence of a showing of a clear abuse of discretion. However, an award of attorney fees must generally be made on the basis of findings of fact supported by the evidence and appropriate conclusions of law.

*Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988) (citation omitted). "A party requesting an award of attorney fees has the burden of presenting evidence sufficient to support the award." *Salmon v. Davis County*, 916 P.2d 890, 893 (Utah 1996) (indicating sufficient evidence includes hours spent on case, hourly rate charged, and usual customary rates for work). Moreover, "the proof necessary for an award of attorney fees in a mechanics' lien cause of action need not be introduced until after the court has made its decision and one party has prevailed." *J.V. Hatch*, 971 P.2d at 13 (citations omitted).

■ ¶ 15 Having submitted various affidavits, accountings, and memoranda of costs and disbursements to the court following the trial, the Kurths presented adequate evidence to meet their burden in this case. We are also satisfied that the court's award of attorney fees and costs based on this evidence was reasonable. The court's findings are extensive and take into consideration, among other things, the legal work performed, the difficulty of the litigation, the efficiency of the attorneys, the reasonableness of the number of hours spent on the litigated claims, the fee customarily charged in the locality, the expertise of the attorneys, and the result obtained. *See Dixie*, 764 P.2d at 989 (listing factors in considering reasonableness of fee). The court also considered the degree to which the various actions by counsel were related to the mechanics' lien defense, and the intertwined nature of the other claims. As such, the trial court did not exceed its discretion.

DOUBLE RECOVERY

¶ 16 Finally, Wiarda argues the jury improperly considered attorney fees in determining the Kurths' damages award. We conclude this issue is without merit. Wiarda fails to indicate, and we are unable to find, evidence in the record showing that the jury considered its award of actual and compensatory damages to include attorney fees, thereby resulting in double recovery. No jury instruction addressing the issue of attorney fees was presented to the jury. Therefore, we also reject this argument.

CONCLUSION

¶ 17 The Kurths were the successful party in the mechanics' lien foreclosure, and as such were entitled to attorney fees under the statute. Having executed the mechanics' lien individually, Wiarda was personally liable for the fees and costs awarded under the statute. Where the other causes of action brought by the parties were found by the trial court to have been closely related and intertwined in presentation and defense, it was proper for the trial court to award fees under the rubric of the prevailing party to the mechanics' lien claim under the statute. The amount awarded reflects careful analysis by the trial court of the necessary factors. The order of the trial court is affirmed. The appellees are awarded their costs and attorney fees on appeal, and the matter is remanded to the trial court for the limited purpose of assessing the amount of fees so awarded.

¶ 18 Affirmed.

¶ 19 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, and NORMAN H. JACKSON, Judge.